Dear Ms. McMillian:
In recently released La. Atty. Gen. Op. 11-0109, this office advised you that the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., would not prohibit you from serving as an elected Justice of the Peace in Ward 1, Tensas Parish, while at the same time operating a non-emergency medical transportation business under the terms of a social services contract with the Department of Health and Hospitals, which is funded by the Medicaid Program.[1] We made this determination on the basis that, in general, the dual officeholding prohibitions have no application to a situation in which one of the positions proposed to be held is pursuant to the terms of a social services contract.[2]
Notwithstanding our determination in Opinion 11-0109, you ask us to review La.R.S. 42:63(F) for possible application to your situation. La.R.S. 42:63(F) provides:
 F. No person holding an elective office in any branch of state government shall contract, on a full-time basis, to provide health or health-related services for any agency of state government. No person engaged in a contract on a full-time basis, with any agency *Page 2 
of state government to provide health or health-related services shall hold an elective office in any branch of state government.
La.R.S. 42:63(F) prohibits a person from (1) holding an elective office in any branch of state government, while (2) contracting,on a full-time basis, to provide health or health-related services for any agency of state government. We find the prohibition of La.R.S. 42:63(F) to be inapplicable here, in both respects.
First, for purposes of dual officeholding, it is significant that a justice of the peace court is not included within the "judicial branch of state government" as defined by La.R.S. 42:62(8), providing:
 (8) The judicial branch of state government includes all judges, employees, and agents of the supreme court, the judicial administrator, courts of appeal, district courts, including the civil and criminal districts courts of Orleans Parish, parish courts, city courts, juvenile and family courts, and any other judicial offices and instrumentalities of the state, but does not include judges or employees of courts not enumerated in this paragraph.
La.R.S. 42:62(8) specifically states that "the judicial branch of state government . . . does not include judges or employees of courts not enumerated in this paragraph."
Rather, a justice of the peace court is considered a "political subdivision" for purposes of the dual officeholding laws, pursuant to La.R.S. 42:62(9), providing:
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrar of voters, and all other elected parochial officials shall be separate political subdivisions.
(Emphasis added).
Second, in order for a violation of La.R.S. 42:63(F) to occur, the contract must be held on a full-time basis as that phrase is defined by the dual officeholding law.[3] You have advised this office that your contract is held on a part-time basis, *Page 3 
and not a full-time basis, and that fact alone makes the prohibition of La.R.S. 42:63(F) inapplicable here.
The state dual officeholding provisions are to be strictly construed and not expanded to provide coverage where there is none. See La. Atty. Gen. Op. 92-57.[4] Accordingly, it is the opinion of this office that the exclusion of a justice of the peace court from the definition of judicial branch of state government makes the prohibition of La.R.S. 42:63(F) inapplicable in the instant matter. Additionally, the contract here is held on a part-time basis, and it is the opinion of this office that this fact alone makes La.R.S. 42:63(F) inapplicable to the instant matter.
While it is the opinion of this office that a literal reading of the dual officeholding statutes would not prohibit you as a justice of the peace from entering into a social services contract with the Department of Health and Hospitals Medicaid Program, we advise that you are governed by the Code of Judicial Conduct and are within the jurisdiction of the Judiciary Commission. The provisions of the Code of Judicial Conduct are controlling regarding your conduct as a justice of the peace, notwithstanding an interpretation of the dual officeholding provisions to the contrary. Thus, for a final determination relative to your question, please contact Mr. Timothy F. Averill, Judicial Administrator, 400 Royal Street, Suite 1190, New Orleans, LA, 70130, phone 504-310-2550.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_____________________ KERRY L. KILPATRDICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] Regarding non-emergency medical transportation, the provisions of La.R.S. 46:2621, et seq., establish the Louisiana Medical Assistance Trust Fund, which allows the Department of Health and Hospitals, through the Medicaid Program, to pay medical transportation providers to transport Medicaid recipients to medical facilities for non-emergency medical care.
[2] This office has in past opinions observed that the dual officeholding provisions have no application where an individual enters into a professional services contract, for the reason that the statutory prohibitions preventing the holding of certain combinations of offices and/or employments are applicable only to positions of employment, elective office, or appointiveoffice, as those terms are specifically defined by the dual officeholding provisions, and that a contractual position does not fall within any one of the three defined categories. See La. Atty. Gen. Ops. 04-0023, 00-222, 00-324 and 96-0359.
[3] A position defined to be held on a full-time basis "means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work." See La.R.S. 42:62(4). A position defined to be held on apart-time basis "means the period of time which a person normally works or is expected to work in appointive office or employment which is less than the number of hours worked in this Section as full-time." See La.R.S. 42:62(5).
[4] In accord are La. Atty. Gen. Ops. 10-0022, 05-0195, and 82-112.